Edgar TARVERDYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72081.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted March 6, 2007.*

Filed April 20, 2007.

Edgar Tarverdyan, c/o Law Offices of Boris Baladjanian, Valencia, CA, pro se.

Boris Baladjanian, Valencia, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Larry P. Cote, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Edgar Tarverdyan, a citizen and native of Armenia, petitions for review of a final order issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum. The IJ determined that Tarverdyan was not credible and did not establish his eligibility for relief. We agree and deny the petition for review.

Tarverdyan did not appeal to the BIA the denial of withholding of removal or CAT relief and thus waived those claims. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). For his asylum claim, Tarverdyan was required to demonstrate he suffered past persecution or has a well-founded fear of future persecution. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir.2006). The IJ's determination that Tarverdyan was not credible and therefore did not satisfy his burden can be reversed "only if the evidence compels a contrary conclusion." *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006). Although this standard is highly deferential, the IJ must identify "specific, cogent reasons" that are substantial and legitimately connected to the credibility finding and that "strike at the heart of the claim" for asylum *Id.* (internal quotations omitted).

Here, the IJ correctly noted that Tarverdyan testified inconsistently regarding when he was arrested, how long he was held in detention, whether he was beaten

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

at the time of his arrest or later in detention, and whether his home was burned or merely vandalized. These are not minor inconsistencies, but rather go to the heart of Tarverdyan's claim of persecution. *See Singh,* 439 F.3d at 1108 ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled.").

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.